| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>Ryan D. O'Dea – Bar No. 273478<br>Max Casal – Bar No. 342716<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: LShulman@shulmanbastian.com;<br>ROdea@shulmanbastian.com;<br>MCasal@shulmanbastian.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Debtors and Debtors in Possession | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:MANNING LAND COMPANY, LLC, a California limited liability company, | CASE NO.: 2:24-bk-16757-VZ jointly administered with: 2:24-bk-16758-VZ, 2:24-bk-16759-VZ, 2:24-bk-16760-VZ, 2:24-bk-16761-VZ and 2:24-bk-16762-VZ<br><br>CHAPTER: 11 |
| MANNING'S BEEF, LLC, a California limited liability company | |
| ADD ENTERPRISES, INC., a Delaware Corporation | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION** |
| CHARLIE DiMARIA & SON INC., a California Corporation | |
| RNCK, INC., a New York Corporation | **[LBR 9013-1(o)]** |
| SALVATORE ANTHONY DiMARIA, aka Salvatore A. DiMaria, aka Salvatore DiMaria, dba DiMaria Cattle | |
| Affects All Debtors. Debtor(s). | [No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:

1. Movant(s) <u>Debtors and Debtors in Possession</u>,
   filed a motion or application (Motion) entitled <u>Debtors's Application for Order Authorizing Employment of Roxborough Pomerance Nye & Adreani, LLP as Debtors' Special Litigation Counsel</u>.
   363(b) and (f), (2) Approving Payment of Compensation and Expenses to the Auctioneer; etc.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

    (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2)  Movant will lodge an order that the court may use to grant the Motion; and

    (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  09/23/2024

/s/ Leonard M. Shulman

Signature of Movant or attorney for Movant

Leonard M. Shulman

Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
Max Casal – Bar No. 342716
Brooke S. Thompson – Bar No. 349216
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:        lshulman@shulmanbastian.com
                rodea@shulmanbastian.com
                mcasal@shulmanbastian.com
                bthompson@shulmanbastian.com

Proposed Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**MANNING LAND COMPANY, LLC, a California Limited Liability Company,**<br><br>Debtor. | **Lead Case:  2:24-bk-16757-VZ**<br>Chapter 11<br><br>Jointly Administered with:<br><br>Case No.:  2:24-bk-16758-VZ<br>Case No.:  2:24-bk-16759-VZ<br>Case No.:  2:24-bk-16760-VZ<br>Case No.:  2:24-bk-16761-VZ<br>Case No.:  2:24-bk-16762-VZ<br><br>**DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ROXBOROUGH POMERANCE NYE & ADREANI, LLP AS DEBTORS' SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NICHOLAS P. ROXBOROUGH IN SUPPORT**<br><br>[No Hearing Set] |
| In re:<br><br>**MANNING'S BEEF, LLC, a California Limited Liability Company** | |

| | |
|---|---|
| In re:<br><br>**ADD ENTERPRISES, INC., a Delaware Corporation** | |
| In re:<br><br>**CHARLIE DiMARIA & SON INC., a California Corporation** | |
| In re:<br><br>**RNCK, INC., a New York Corporation** | |
| In re:<br><br>**SALVATORE ANTHONY DIMARIA,**<br>**aka Salvatore A. DiMaria,**<br>**aka Salvatore DiMaria,**<br>**dba DiMaria Cattle** | |
| ☒  Affects: All Debtors<br>☐  Affects: Manning Land Company, LLC<br>☐  Affects: Manning's Beef, LLC<br>☐  Affects: ADD Enterprises, Inc.<br>☐  Affects: Charlie DiMaria & Son Inc.<br>☐  Affects: RNCK, Inc.<br>☐  Affects: Salvatore Anthony DiMaria, aka Salvatore DiMaria, aka Salvatore DiMaria, dba DiMaria Cattle | |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .............................................................................................4

II.     APPLICATION ...............................................................................................4

    A.      Case Commencement...........................................................................4

    B.      Description of the Debtors' Businesses...............................................4

    C.      Litigation Commenced Against the Debtors.......................................5

    D.      Litigation to be Commenced..............................................................5

    E.      Services to be Performed ...................................................................5

    F.      Qualifications of the Firm..................................................................6

    G.      The Firm Does Not Have an Interest Adverse to the Debtors or the Estates for Matters for Which it is Being Employed .........................................7

    H.      Compensation Procedures.................................................................8

        1.      Professional Fee Statements .................................................8

        2.      Court Approval of Fees.........................................................9

III.    MEMORANDUM OF POINTS AND AUTHORITIES ................................12

    A.      The Bankruptcy Code Authorizes the Debtor to Employ Professionals.............12

    B.      Cause Exists for Approval of the Compensation Procedures ...............13

IV.     CONCLUSION..............................................................................................16

DECLARATION OF NICHOLAS P. ROXBOROUGH ...........................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES**
2  **BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE AND ALL**
3  **INTERESTED PARTIES:**

4  ## I.    INTRODUCTION

5  The above-captioned debtors and debtors in possession (each, a "Debtor" and
6  collectively, the "Debtors"), bring this application ("Application") for a Court order authorizing
7  the employment of Roxborough Pomerance Nye & Adreani, LLP (the "Firm") as their special
8  litigation counsel in these jointly administered bankruptcy cases, effective as of August 22, 2024,
9  at the Firm's hourly rates, which may be subject to adjustment from time to time, plus
10  reimbursement of expenses and costs.

11  In support of the Application, the Debtors respectfully represent as follows:

12  ## II.    APPLICATION

13  ### A.    Case Commencement

14  On August 22, 2024, the Debtors each filed voluntary petitions for relief under chapter 11
15  of title 11 of the United States Code (the "Bankruptcy Code"), commencing their respective
16  chapter 11 cases (the "Cases").

17  An order of joint administration of the Cases was entered on September 3, 2024 [Dkt. No.
18  18].

19  The Debtors are continuing in possession of their property, and operating and managing
20  their businesses, as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.  No
21  trustee, committee or examiner has been appointed in the Cases.

22  ### B.    Description of the Debtors' Businesses

23  The Debtors are related entities. Debtor Salvatore Anthony DiMaria ("Anthony
24  DiMaria") is the owner, chairman of the board, and/or officer of Debtors Manning Land
25  Company, LLC, ADD Enterprises, Inc. ("ADD"), Manning's Beef LLC, RNCK Inc., and Charlie
26  DiMaria & Son Inc. (collectively the "Entity Debtors").

27  The Debtors are engaged in the business of manufacturing and preparing meats and/or
28  meat food products for sale in commerce.  Specifically, the Entity Debtors engage in the

purchase and sale of cattle, and each Entity Debtor plays a role in such process under the

ownership and control of Anthony DiMaria. The principal place of business for each of the

Entity Debtors is 9531 Beverly Road, Pico Rivera, CA 90660.

**C.**     **Litigation Commenced Against the Debtors**

Charles Pedregon v. Manning's Beef, LLC and Does 1-200 – Case No.
22STCV28594.pending in the Superior Court for the State of California, County
of Los Angeles, Spring Street Courthouse ("Pedregon Litigation").

Salvatore Anthony DiMaria, Manning Beef, et al., vs. Linkun Investment, Inc. –
Case No. B336057 pending in the Second Appellate District Division p ("Linkun
Appeal").  .

**D.**     **Litigation to be Commenced**

The Firm intends to file a malpractice action against Freeman Mathis & Gary,
LLP ("FMG") attorneys who managed the Linkun case and conducted the trial
("Malpractice Action").

Together, the Pedregon Litigation, Linkun Appeal and Malpractice Action are
referred to herein as the "Actions".

**E.**     **Services to be Performed**

In the ordinary course of business, prior to the Petition Date, the Debtors employed the

Firm as its counsel in connection with the Actions.  During the Cases, the Debtors need to

continue to employ the Firm to continue to prosecute the Actions on behalf of the Estates and

any related matters and legal issues which may arise.  In particular, the services that the Firm

will be required to render are:

1.     Prepare the documents and pleadings necessary to continue to prosecute the

Actions.

2.     Analyze the possibility for settlement of the Actions and conduct possible

settlement negotiations

3.     If a judgment is obtained in favor of the Estates in the Actions, oppose any motion

for new trial by any opposing party.

5

1  4.  Perform any and all other legal services incident and necessary herein to preserve

2  the Estates' interests in the claims that are the subject of the Actions.

3  5.  Perform any and all other legal services incident and necessary herein as the

4  Debtors may require of the Firm as special counsel.

5  In these Cases, the Debtors have filed an application to employ Shulman Bastian

6  Friedman & Bui LLP ("SBFB") as Debtors' general counsel. None of the services to be

7  performed by the Firm will duplicate the services performed by SBFB or any other professionals

8  employed or to be employed in these Cases.

9  **F.  Qualifications of the Firm**

10  The Firm is well-qualified to render the services required by the Debtors as set forth

11  herein.  The Firm was employed as the Debtors' counsel prior to the Petition Date and is already

12  familiar with the facts and law related to the Debtors' business operations and litigation and will

13  be able to expeditiously and efficiently address any legal issues that may arise in the context of

14  these Cases.  Furthermore, the Firm is comprised of licensed attorneys that are well experienced

15  in legal matters of the type that may need to be addressed.  Vince Gannuscio ("Mr. Gannuscio"),

16  who is a partner in RPNA will have primary responsibility for providing services to the Debtors

17  on the Pedregon matter and will be assisted by Nicholas P. Roxborough. Regarding the appeal,

18  Joseph Gjonola who is also a partner in RPNA, is an Appellate Specialist and will have primary

19  responsibility for providing services to the Debtors along with the assistance of Mr. Gannuscio

20  and Mr. Roxborough. Finally, on the malpractice action both Mr. Gannuscio and Mr. Gjonola

21  will have equal responsibility for providing services to the Debtors and will be assisted by

22  Nicholas P. Roxborough.  Mr. Gannuscio is duly admitted to practice law in all federal and state

23  courts of the State of California and is an accomplished litigation and trial attorney with more

24  than 20 years' experience.  Mr. Gannuscio has devoted his career to representing small and

25  medium sized businesses in commercial, employment, injury, intellectual property, insurance

26  coverage and other civil litigation matters. Mr. Gjonola also has approximately 20 years of

27  litigation and Appellate experience as well as insurance coverage issues and has been involved in

28  various aspects of civil litigation and arbitration.    Biographies for Mr. Gannuscio, Nicholas P.

Roxborough and Joseph Gjonola are attached as **Exhibit 1** to the Declaration of Nicholas P. Roxborough ("<u>Roxborough Declaration</u>").   The Firm's billing rates for the professionals to be working on these Cases are as follows:

| Nicholas P. Roxborough, Attorney/Partner | $850 |
|---|---|
| Vince Gannuscio, Attorney/Partner | $450 |
| Joseph Gjonola, Attorney/Partner | $450 |
| Paralegals | $195 |

## G.    <u>The Firm Does Not Have an Interest Adverse to the Debtors or the Estates for Matters for Which it is Being Employed</u>

As noted above, the Firm represented the Debtors prior to the Petition Date but the Firm does not have an interest adverse to the Debtors or the Estates.  During the one year period prior to the Petition Date, the Firm received payment of fees and expenses from the Debtors in the total amount of approximately $225,283  As of the Petition Date, the Firm was not a creditor of the Debtors.

The Firm does not represent or hold an adverse interest to the Debtors' Estates and, based on its intimate knowledge of the Debtors' business operations and litigation, as well as its representation of the Debtors prior to the Petition Date, the Firm is best situated to assist the Debtors on the matters set forth herein.

To the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtors, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.  To the best of the Firm's knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, or to the United States Trustee or any employee of the United States Trustee.

To the best of the Firm's knowledge, the Firm represents no interest adverse to the Debtors or their bankruptcy estates ("<u>Estates</u>").

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1    Based on these disclosures, the Firm currently holds no interest that is materially adverse

2    to the interests of the Estates for matters for which it is being employed.

3    **H.    Compensation Procedures**

4    The Firm has received no retainer for the services to be performed on behalf of the

5    Estates. There is no oral or written employment agreement except an agreement that the Firm

6    will accept as compensation such sum as the Court may deem reasonable, and the only source of

7    payment will be from property of the Estates as authorized by the Court.

8    The Firm will render services to the Debtor at the Firm's regular hourly rates, which may

9    be subject to adjustment from time to time, plus expenses.  The Firm understands the provisions

10    of Bankruptcy Code Sections 327, 330 and 331 which require, among other things that its

11    compensation in these Cases is subject to approval of the Firm's employment in these Cases and

12    Court approval of all fees and reimbursement of expenses that the Firm will receive from the

13    Estates.  The Firm has agreed to be employed and compensated subject to the provisions of

14    Bankruptcy Code Section 330.  In conformity with Sections 330 and 331 of the Bankruptcy

15    Code, the Firm intends to file applications for allowance of fees and reimbursement of expenses

16    advanced as and when appropriate and the only source of payment will be from property of the

17    Estate as authorized by the Court.

18    The Firm requests authorization to obtain monthly payment of its accruing fees and

19    expenses in these Cases pursuant to the Professional Fee Statement procedures set forth below.

20    1.    Professional Fee Statements

21    In accordance with the United States Trustee's Guide to Applications for Retainers, and

22    Professional and Insider Compensation ("UST Guide"), the Firm will submit monthly

23    Professional Fee Statements to the United States Trustee, together with documentation

24    supporting the charges for the professional services rendered and expenses incurred in the form

25    required for professional fee applications by applicable law.  In addition, a copy of the monthly

26    Professional Fee Statement (without the supporting documentation) will be served on the official

27    creditors' committee or, if no committee has been appointed, on the twenty largest unsecured

28    creditors and on those parties who have requested special notice.

1   If no written objection is filed with the Clerk of the Court and served on the Firm within

2   ten days after service of the Professional Fee Statement, the Firm will be authorized to obtain

3   from the Debtors 80% of the amount of the Firm's monthly fees and 100% of the Firm's

4   expenses as they are incurred.  If a written objection to the Firm's monthly Professional Fee

5   Statement is filed by a party in interest, the Debtors will not pay the Firm the disputed amounts

6   until the objection has been resolved by the Court.

7   No portion of the funds paid to the Firm pursuant to the monthly payment procedures set

8   forth here will be deemed to have been allowed by the Court unless and until such time as the

9   Court enters an order expressly allowing such fees and costs in accordance with the requirements

10  of Bankruptcy Code Sections  330 and 331.

11          2.      Court Approval of Fees

12  The Firm understands that any compensation to be received hereafter by the Firm is

13  subject to approval by the Court, upon appropriate application and hearing in conformity with

14  Bankruptcy Code Sections  330 and 331.  Accordingly, no portion of the funds paid to the Firm

15  pursuant to the payment procedures described herein will be deemed to have been allowed by the

16  Court unless and until such time as the Court enters an order expressly allowing such fees and

17  costs in accordance with the requirements of Bankruptcy Code Sections 330 and 331.

18  Approximately every four (4) months, the Firm will file an application with the Court

19  seeking allowance and payment of its fees, including any sums not paid based on the monthly

20  compensation procedures set forth above, and costs incurred to that date.  At the conclusion of

21  these Cases, the Firm will file an appropriate application seeking final allowance of all fees and

22  costs, regardless of whether interim compensation has been paid to the Firm.  Upon allowance of

23  such fees and costs, the Debtors will pay to the Firm the difference between the amounts allowed

24  and any interim compensation paid to the Firm.

25  The Firm understands and agrees that, if aggregate interim payments made to the Firm

26  exceed the amount ultimately allowed to the Firm, the Firm will be required to, and will,

27  promptly repay to the Debtors such difference.

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

1    The Firm has not shared or agreed to share any compensation to be received by it in these

2    Cases with any other person, except as among members of the Firm.

3    **WHEREFORE**, the Debtors request that the Court enter an order as follows:

4    1.    Based upon the foregoing and pursuant to Bankruptcy Code Section 327 and 330

5    and in accordance with Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy

6    Rule 2014-1(b)(1), the Debtors be authorized to employ the Firm as their special counsel in these

7    Cases with compensation in such amount as the Court may hereafter allow in accordance with

8    law, on the terms set forth herein;

9    2.    The Debtors' employment of the Firm be authorized effective as of the Petition

10    Date;

11    3.    The Debtors are authorized to obtain, on a monthly basis, 80% of the amount of

12    the Firm's monthly fees and 100% of the monthly expenses as they are incurred, provided that

13    the Firm complies with the provisions of the UST Guide as set forth herein.

14    4.    No portion of the funds paid to the Firm pursuant to the monthly payment

15    procedures set forth here will be deemed to have been allowed by the Court unless and until such

16    time as the Court enters an order expressly allowing such fees and costs in accordance with the

17    requirements of Bankruptcy Code Sections  330 and 331.

18    5.    The Court grants the Debtors and the Firm such other and further relief as may be

19    just and proper under the circumstances of these Cases.

20

21    Dated:  September 23, 2024    **MANNING LAND COMPANY, LLC, a California
Limited Liability Company**

22

23    Salvatore Anthony DiMaria
Managing Member

24

25    Dated:  September 23, 2024    **MANNING'S BEEF, LLC, a California Limited Liability
Company**

26

27    Salvatore Anthony DiMaria
Owner/Managing Member

28

1  Dated:  September 23, 2024      **ADD ENTERPRISES, INC., a Delaware Corporation**

2

3  _____
Salvatore Anthony DiMaria
Secretary

4

5  Dated:  September 23, 2024      **CHARLIE DiMARIA & SON INC., a California Corporation**

6

7  _____
Salvatore Anthony DiMaria
President/Secretary

8

9  Dated:  September 23, 2024      **RNCK, INC., a New York Corporation**

10  _____
Salvatore Anthony DiMaria
Secretary

11

12  Dated:  September 23, 2024

13  _____

14  Salvatore Anthony DiMaria
aka Salvatore A. DiMaria aka Salvatore DiMaria
dba DiMaria Cattle

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    The Bankruptcy Code Authorizes the Debtor to Employ Professionals

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> (e)   The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate must disclose ". . . any proposed arrangement for compensation . . ." and ". . . all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee . . . ."

The disclosure requirements of Rule 2014 of the Bankruptcy Rules are applicable to those professionals eligible for employment under Section 327(e).  Specifically, Section 327(e) requires that any professional person employed by the trustee be free of interests which are adverse to the estate for the matters upon which the professional is being employed.

Although Section 327(e) does not require that proposed special counsel be "disinterested," the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination, based on the specific facts of each case, and with attention to circumstances which may impair a professional's ability to offer impartial, disinterested advice to his or her client. In re West Delta Oil Co., 432 F.3d 347 (5th Cir. 2005).

All facts pertinent to a court's determination of whether the professional holds an interest adverse to the estate must be disclosed.  The professional is required to make a full, candid and complete disclosure in its application for employment.  See, In re Lotus Properties LP, 200 B.R. 338, 391 (Bankr. C.D. Cal. 1996) [citing In re Park Helena Corp., 63 F.3d 877, 880-82 (9th Cir.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1   1995); In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed.R.Bankr.P. 2014.

2   In these Cases, the Firm has complied with the disclosure requirements set forth in the

3   Bankruptcy Code and the Bankruptcy Rules.  By the Roxborough Declaration, the Firm has

4   provided full and complete disclosure in order to demonstrate that all requirements imposed by

5   the Bankruptcy Code and the Bankruptcy Rules for employment in these Cases have been

6   satisfied.  Furthermore, the Firm does not represent or hold an adverse interest to the Estates and

7   based on its intimate knowledge of the Debtors' business operations, the Actions and its

8   representation of the Debtors prior to the Petition Date, the Firm is best situated to assist the

9   Debtors during these bankruptcy Cases.

10   Based on these disclosures, the Firm currently holds no interest that is materially adverse

11   to the interests of the Estates for matters for which it is being employed.  Therefore, this Court

12   may authorize the proposed employment of the Firm as special counsel for the Debtors pursuant

13   to Bankruptcy Code section 327(e).

14   **B.    Cause Exists for Approval of the Compensation Procedures**

15   Cause exists for payment of the Firm's fees and expenses on a monthly basis light of the

16   significant fees that the Firm anticipates may be incurred in these Cases.  The Firm has required

17   assurance that it will be paid for its services that will have to be performed during these Cases.

18   The Firm agreed to be employed by the Debtors in these Cases in reliance on the payment terms

19   set forth herein, including payment of the Firm's fees and expenses on a monthly basis.  As set

20   forth in the Roxborough Declaration, if the Firm cannot receive payment of its monthly fees and

21   expenses from the Debtors, the Firm may suffer financial hardship as a result of its

22   representation of the Debtors in these Cases.  The Firm anticipates that providing the legal

23   services to the Debtors during these Cases will require a significant amount of hours of

24   professional time.  If the Firm is required to wait the time it takes to prepare and have heard an

25   interim fee application in connection with these Cases, it is anticipated that the Firm will suffer

26   an undue financial burden in that its overhead items such as payment of salaries will remain

27   constant yet cash flow will be restricted due to not receiving payment of the Firm's monthly fees

28   and expenses.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

13

1      The problem arising is that when the professionals must wait an extended period of time

2  for payment, the professional is essentially and unreasonably compelled to finance the Estates.

3  This is all the more problematic for the Firm given its relatively small size.  In order to alleviate

4  this hardship, the Firm requests that the Court authorize payment of  80% of the amount of the

5  Firm's monthly fees and 100% of the monthly expenses as they are incurred.

6      The proposed payment of the Firm's compensation is in accordance with the provisions

7  of Sections 330 and 331 of the Bankruptcy Code and the decision of the United States

8  Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") in *In re Knudsen*, 84 B.R. 668

9  (Bankr. 9th Cir. 1988).  In the *Knudsen* case, the BAP affirmed a decision by the Honorable

10  Barry Russell authorizing professionals to be compensated in accordance with monthly post-

11  petition payment procedures, without the need for prior bankruptcy court approval of the

12  professionals' billing statements.  The BAP determined that the post-petition monthly payment

13  procedure was appropriate, in part, for the following reasons:

> (1)  The payment procedure allowed for scrutiny of fees by creditors and the bankruptcy court.  The monthly fees were paid only on an interim basis, and were not finally allowed until the filing of a detailed application, an opportunity for objection provided to creditors, and a review by the bankruptcy court of the application.  The BAP noted that the payment procedure proposed by the professionals in that case was itself noticed to creditors.  <u>Id.</u> at 671.

> (2)  There was no evidence that the payment procedure was to be used in a discriminatory manner.  The BAP stated that, so long as the fees paid to professionals but not allowed by the bankruptcy court can, if necessary, be recovered, there is no reason why discrimination would occur.  <u>Id.</u> at 672.

In the present Cases, the procedures for payment of the Firm's compensation are similar

to the monthly payment procedure approved by the BAP in the <u>Knudsen</u> case and meet the

requirements established by the BAP in that case for authorizing post-petition payments.

      First, the proposed procedures for the monthly draws from the funds received from the

Debtors allow for ample scrutiny of the Firm's monthly fees and expenses by creditors and the

Court.  Furthermore, all funds withdrawn from the retainer and retainer replenishments and

subject to interim applications for allowance of its fees and expenses and a final application for

1  approval of fees and expenses, in accordance with the requirements of Sections 330 and 331 of

2  the Bankruptcy Code.  The scrutiny of the Firm's fees and expenses by creditors and the Court,

3  therefore, is undiminished.

4  Second, as set forth in the Roxborough Declaration, in the event that any fees and

5  expenses paid to the Firm are not ultimately allowed by the Court, the Firm will repay to the

6  Debtors the amount of the difference. The Firm understands that its ultimate compensation in the

7  Cases is subject to the provisions of Sections 330 and 331 of the Bankruptcy Code, and is

8  prepared to respond to any such reassessment.

9  Finally, the proposed arrangement is appropriate in light of the financial burden that the

10  Firm would otherwise be required to bear in the Cases. *See*, *Knudsen*, 84 B.R. at 672-73 (noting

11  that circumstances under which monthly payment arrangements are approved include the fact

12  that an extended waiting period for payment would place undue hardship on counsel).  The Firm

13  anticipates that representing the Debtors in the Cases will consume a significant amount of time

14  of at least one to three attorneys and one paralegal of the Firm.  Due to the anticipated

15  investment of time and effort of the Firm's resources in the Cases, requiring the Firm to wait for

16  periods of at least four months to obtain payment of its fees pursuant to Bankruptcy Code section

17  331 would place undue hardship on the Firm.  As set forth in the Roxborough Declaration, it

18  would be burdensome for the Firm if it were effectively required to "finance" the Debtors'

19  reorganization efforts in the Cases.

20  The compensation procedures are fair and in accordance with the UST Guidelines and the

21  decision of the BAP in the <u>Knudsen</u> case, and serve to alleviate the hardship which the Firm

22  would suffer if it were required to represent the Debtor and wait an extended period of time for

23  payment in these Cases.

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

15

1

2

## IV.    CONCLUSION

3      Based upon the foregoing, the Debtors respectfully submit that good cause exists for this

4   Court to authorize the employment of the Firm in these Cases on the terms and conditions set

5   forth herein.

Respectfully submitted,

6

7   Dated:  September 23, 2024          **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

8                                       */s/ Leonard M. Shulman*

9                                       _____
                                        Leonard M. Shulman
                                        Ryan D. O'Dea

10                                      Max Casal
                                        Brooke S. Thompson

11                                      Proposed Attorneys for the Debtors and Debtors in
                                        Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF NICHOLAS P. ROXBOROUGH

I, Nicholas P. Roxborough, declare and state as follows:

1.     The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.  I am an attorney licensed to practice law in the State of California.

2.     I am the managing partner of Roxborough Pomerance Nye & Adreani, LLP (the "Firm") and am authorized to and make this declaration on its behalf.  I make this Declaration in support of the Debtors and Debtors in Possession's Application for Order Authorizing Employment of Roxborough Pomerance Nye & Adreani, LLP as the Debtors' Special Counsel (the "Application").  Unless otherwise noted, capitalized terms herein shall have the meaning as set forth in the Application.

3.     The Firm is well-qualified to render the services required by the Debtors as set forth herein.  The Firm was employed as the Debtors' litigation counsel prior to the Petition Date and is already familiar with the facts and law related to the Debtors' business operations and litigation and will be able to expeditiously and efficiently address any legal issues that may arise in the context of these Chapter 11 Cases.  Furthermore, the Firm is comprised of licensed attorneys that are well experienced in legal matters of the type that may need to be addressed. Vince Gannuscio ("Mr. Gannuscio"), who is a partner in RPNA will have primary responsibility for providing services to the Debtors on the Pedregon matter and will be assisted by Nicholas P. Roxborough. Regarding the appeal, Joseph Gjonola who is also a partner in RPNA, is an Appellate Specialist and will have primary responsibility for providing services to the Debtors along with the assistance of Mr. Gannuscio and Mr. Roxborough. Finally, on the malpractice action both Mr. Gannuscio and Mr. Gjonola will have equal responsibility for providing services to the Debtors and will be assisted by Nicholas P. Roxborough.  Mr. Gannuscio is duly admitted to practice law in all federal and state courts of the State of California and is an accomplished litigation and trial attorney with more than 20 years' experience.  Mr. Gannuscio has devoted his career to representing small and medium sized businesses in commercial, employment, injury, intellectual property, insurance coverage and other civil litigation matters. Mr. Gjonola also has

approximately 20 years of litigation and Appellate experience as well as insurance coverage issues and has been involved in various aspects of civil litigation and arbitration.    Biographies for Mr. Gannuscio, myself and Joseph Gjonola are attached as **Exhibit 1.**  The Firm's billing rates for the professionals to be working on these Cases are as follows:

| Nicholas P. Roxborough, Attorney/Partner | $850 |
|---|---|
| Vince Gannuscio, Attorney/Partner | $450 |
| Joe Gjonola, Attorney/Partner | $450 |
| Paralegals | $195 |

4.     I am advised that none of the services to be performed by the Firm during the Debtors' bankruptcy case will duplicate the services performed by other professionals in the Debtors' bankruptcy Cases.

5.     The Firm has prior association with Debtors but does not have an interest adverse to the Debtors or the Estates.  The Firm was employed by the Debtors prior to the Petition Date.  During the one year period prior to the Petition Date, the Firm received payment of fees and expenses from the Debtors in the total amount of approximately $225,283  As of the Petition Date, the Firm was not a creditor of the Debtors.

6.     The Firm does not represent or hold an adverse interest to the Estates and based on its intimate knowledge of the Debtors' business operations and litigation and its representation of the Debtors prior to the Petition Date, the Firm is best situated to assist the Debtors on the matters set forth herein.

7.      To the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtors, their creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.  To the best of the Firm's knowledge, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, or to the United States Trustee or any employee of the United States Trustee.  To the best of the Firm's knowledge, the Firm represents no interest adverse to the Debtors or their bankruptcy estates ("Estates").  Based

on these disclosures, the Firm currently holds no interest that is materially adverse to the interests of the Estates for matters for which it is being employed.

8.    The Firm has not received a retainer for its services to be rendered.  Therefore, the Firm requests authorization to obtain monthly payment of its accruing fees and expenses in these Cases pursuant to the Professional Fee Statement procedures set below.

9.    The Firm will render services to the Debtors at the Firm's regular hourly rates, which may be subject to adjustment from time to time, plus expenses.  The Firm understands the provisions of Bankruptcy Code Sections 327, 330 and 331 which require, among other things that its compensation in these Cases are subject to approval of the Firm's employment in these Cases and Court approval of all fees and reimbursement of expenses that the Firm will receive from the Estates.  The Firm has agreed to be employed and compensated subject to the provisions of Bankruptcy Code Section 330.  In conformity with Sections 330 and 331 of the Bankruptcy Code, the Firm intends to file applications for allowance of fees and reimbursement of expenses advanced as and when appropriate and the only source of payment will be from property of the Estates as authorized by the Court.

10.    The Firm requires assurance that it will be paid for its services.  In accordance with the United States Trustee's Guide to Applications for Retainers, and Professional and Insider Compensation ("UST Guide"), the Firm will submit monthly Professional Fee Statements to the United States Trustee, together with documentation supporting the charges for the professional services rendered and expenses incurred in the form required for professional fee applications by applicable law.  In addition, a copy of the monthly Professional Fee Statement (without the supporting documentation) will be served on the official creditors' committee or, if no committee has been appointed, on the twenty largest unsecured creditors and on those parties, who have requested special notice.

11.    If no written objection is filed with the Clerk of the Court and served on the Firm within ten days after service of the Professional Fee Statement, the Debtors will pay the Firm, on a monthly basis, 80% of the amount of the Firm's monthly fees and 100% of the Firm's expenses as they are incurred.  If a written objection to the Firm's monthly Professional Fee Statement is

1   filed by a party in interest, the Debtors will not pay the Firm the disputed amounts until the

2   objection has been resolved by the Court.

3        12.    No portion of the funds paid to the Firm pursuant to the monthly payment

4   procedures set forth herein will be deemed to have been allowed by the Court unless and until

5   such time as the Court enters an order expressly allowing such fees and costs in accordance with

6   the requirements of Bankruptcy Code Sections 330 and 331.

7        13.    The Firm requests payment of its fees and expenses pursuant to the foregoing

8   procedures in light of the fees anticipated to be incurred in these Cases.  The Firm agreed to

9   undertake representation of the Debtors in these Cases in reliance on the payment terms set forth

10  herein, including the payment of the Firm's fees and expenses on a monthly basis from Estate

11  funds as they become available.

12       14.    If the Firm cannot receive payment of its accruing fees and expenses on a monthly

13  basis in these Cases, it may suffer financial hardship as a result of its representation of the

14  Debtors during the bankruptcy Cases in that its overhead items such as payment of Firm salaries

15  related to a significant amount of hours of professional time will remain constant yet cash flow

16  will be restricted due to not receiving payment for services rendered on the Debtors' behalf.  This

17  is all the more problematic for the Firm given its relatively small size.  The Firm respectfully

18  submits, therefore, that good cause exists under the circumstances of these Cases for the Court to

19  approve these compensation procedures.

20       15.    The Firm understands that any compensation to be received hereafter by the Firm

21  is subject to approval by the Court, upon appropriate application and hearing in conformity with

22  Bankruptcy Code Sections 330 and 331.  Accordingly, no portion of the funds paid to the Firm

23  pursuant to the payment procedures described herein will be deemed to have been allowed by the

24  Court unless and until such time as the Court enters an order expressly allowing such fees and

25  expenses in accordance with the requirements of Bankruptcy Code Sections 330 and 331.

26       16.    Approximately every four months, the Firm will file an application with the Court

27  seeking allowance and payment of its fees, including any sums not paid based on the monthly

28  compensation procedures set forth above, and expenses incurred to that date.  At the conclusion

1    of these Cases, the Firm will file an appropriate application seeking final allowance of all fees

2    and expenses, regardless of whether interim compensation has been paid to the Firm.    Upon

3    allowance of such fees and expenses, the Debtors will pay to the Firm the difference between the

4    amounts allowed and any interim compensation paid to the Firm.

5        17.    The Firm understands and agrees that, if aggregate interim payments made to the

6    Firm exceed the amount ultimately allowed to the Firm, the Firm will be required to, and will,

7    promptly repay to the Debtors such difference.

8        18.    The Firm has not shared or agreed to share any compensation to be received by it

9    in these Cases with any other person, except as among members of the Firm.

10        I declare under penalty of perjury under the laws of the United States of America that the

11    foregoing is true and correct.

12        Executed on September *20*, 2024, at Woodland Hills,  California.

13

14                                Nicholas P. Roxborough

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT 1

# Biographies

<u>Nicholas Roxborough</u> (Nick) has been described as both a legal and professional Difference Maker and Thought Leader in the California business and governmental communities. He is the Managing Partner of Los Angeles-based Roxborough, Pomerance, Nye & Adreani, LLP (RPNA). RPNA is an Employer's Rights law firm specializing in representing employers nationwide in complex employment, business and sophisticated insurance programs. Nick has succeeded in generating over $200 million in legal fees for RPNA. He has extensive Trial, Arbitration, and Appellate experience. Nick is credited with having literally made the law in California, taking on the largest insurance companies on behalf of employers. In doing so, Nick materially modified insurance carrier behavior when it comes to serving mostly California businesses and policyholders. He has also sponsored and written legislation and testified in Sacramento on behalf of RPNA's clients, and on behalf of proposed legislation that is at the core of RPNA's clients' interests.

<u>Joseph C. Gjonola</u> practices in the areas of general business litigation, complex commercial litigation and intellectual property. He also specializes in writs and appeals. His record reflects versatility in legal substance and procedure, from advocating for individuals in mediation to confronting large corporations in federal courts.

<u>Vincent Gannuscio</u> is an accomplished litigation and trial attorney with more than 20 years' experience in the legal field.  He has devoted his career to representing small and medium sized businesses in commercial, employment, injury, intellectual property, insurance coverage, and other civil litigation matters.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ROXBOROUGH POMERANCE NYE & ADREANI, LLP AS DEBTORS' SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NICHOLAS P. ROXBOROUGH IN SUPPORT (WITH NOTICE OF OPPORTUNITY TO REQUEST HEARING ON MOTION]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 23, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  September 23,  2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/23/2024 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Jonathan Arias**    jarias@zwickerpc.com

- **Max Casal**    bthompson@shulmanbastian.com, avernon@shulmanbastian.com

- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com

- **David M Goodrich**    dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com

- **Miles D Grant**    miles@grantandkessler.com

- **Alexander J Kessler**    aj@grantandkessler.com, miles@grantlawyers.com

- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov

- **Leonard M Shulman**    lshulman@shulmanbastian.com,
  bcabrera@shulmanbastian.com;yrivera@shulmanbastian.com

- **Brooke S Thompson**    bthompson@shulmanbastian.com,
  avernon@shulmanbastian.com;cthornton@shulmanbastian.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com

- **Phillip Zunshine**    phillip@grantandkessler.com


SERVED BY UNITED STATES MAIL:

| | | |
|---|---|---|
| **Debtors** | **NEF - Interested Party** | **NEF on behalf of Producers Livestock Marketing Assoc.** |
| Manning Land Company, LLC, Manning's Beef, LLC ADD Enterprises, Inc., Charlie DiMaria & Son Inc. RNCK, Inc. and Salvatore Anthony DiMaria Attn Salvatore Anthony DiMaria 9531 Beverly Road Pico Rivera, CA 90660 Attn: | United States Trustee Attn: 915 Wilshire Blvd Ste 1850 Los Angeles, CA 90017 | Gerrick M. Warrington, Esq. Frandzel Robins Bloom & Csato, L.C. Attn: 1000 Wilshire Blvd 19th Fl Los Angeles, CA 90017-2427 |
| **NEF on behalf of Producers Livestock Marketing Assoc.** | **NEF/RFSN - Collection Attorney for Linkun Investment, Inc.** | **Schedule D** |
| Michael J. Gomez, Esq. Frandzel Robins Bloom & Csato, L.C. Attn: 1000 Wilshire Blvd 19th Fl Los Angeles, CA 90017-2427 | Alexander J. Kessler, Esq. Grant & Kessler, APC Attn: 1331 India Street San Diego, CA 92101 | Agdirect Attn: President PO BOX 2409 Omaha, NE 68103 |

**Schedule D**
Colony Capital
Attn: Jamal Dawood
8235 Monica Blvd
Los Angeles, CA  90046

**Schedule D**
Crown Equipment Corporation
Attn: President
44 S Washington St
New Bremen, OH  45869

**Schedule D**
East West Bank
Attn: Frank Chan
135 N Los Robles Ave
Pasadena, CA  91101

**Schedule D**
Grasshopper Bank
Attn: Jim Velez
915 Broadway Floor 7
New York, NY  10010

**Schedule D**
Jimmy Nuckles
Attn: Phillip Wing
7979 Ivanhow Ave Ste 200
La Jolla, CA  92037

**Schedule D**
John Deere Financial
Attn: President
PO BOX 6600
Johnston, IA  50131

**Schedule D**
Lineage Logistics-Vernon
Attn: President/Manager
PO Box 734938
Dallas, TX  75373

**Schedule D**
Linkun Investment, Inc.
Attn: Attn President
105 Balance
Irvine, CA  92618

**Schedule D/Additional Notice**
Linkun Investment, Inc.
Attn: c/o Lewis Brisbois Bisgaard &
Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA  90071

**NEF/RFSN - Collection Attorney for
Linkun Investment, Inc.**
Miles Grant, Esq.
Phillip A. Zunshine, Esq.
Attn: Grant & Kessler, APC
1331 India Street
San Diego, CA  92101

**Schedule D/Notice Purposes**
North Mill Credit Trust
Attn: Attn President
81 Throckmorton Ave Ste 203
Mill Valley, CA  94941

**Schedule D**
O&S Cattle
Attn: Harold Stewart
14815 Energy Way
Apple Valley, MN  55124

**Schedule D/20 Largest Unsecured
Creditor**
Producers Livestock Marketing
Attn: Rick Obrien
P.O. Box 105
Salina, UT  84654

**Additional Notice**
Producers Livestock Marketing
Association
Attn:
PO Box 540477
North Salt Lake City, UT  84054

**Schedule E/Notice Purposes**
California Dept of Tax and Fee Admin
Attn: Special Ops, MIC: 55
PO Box 942879
Sacramento, CA  94279-0055

**Schedule E/Notice Purposes**
Employment Develop Dept
Attn: Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA  94280

**Schedule E/Notice Purposes**
Franchise Tax Board
Attn: Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA  95812

**Notice Purposes**
Internal Revenue Service
Attn:
PO Box 7346
Philadelphia, PA  19101

**Notice Purposes**
LA County Tax Collector
Attn: Bankruptcy Unit
PO Box 54110
Los Angeles, CA  90051

**Notice Purposes**
Los Angeles City Clerk
Attn:
PO Box 53200
Los Angeles, CA  90053

**Notice Purposes**
Securities & Exchange Commission
Attn:
444 S Flower St Ste 900
Los Angeles, CA  90071

**Schedule F**
A&Q Forklift Service
Attn: President/Manager
14527 Elmcroft Ave
Norwalk, CA  90650

**Schedule F**
A&T Pallets, Inc
Attn: President/Manager
1512 Date St
Montebello, CA  90640

**20 Largest Unsecured Creditor**
ABF Packing
Attn: President/Manager
8758 S Hwy 377
Dublin, TX  76447

**Schedule F**
ACJJM LLC
Attn:  President/Manager
2012 S Electric Ave
Alhambra, CA  91803

**Schedule F**
Affordable Plastics & Packaging
Attn:  President/Manager
739 E Francis St
Ontario, CA  91761

**Schedule F**
Alpine Pallet Solutions
Attn:  President/Manager
1310 Exposition Blvd
Los Angeles, CA  90018

**Schedule F**
Amazon Capital Services
Attn:  President/Manager
PO Box 035184
Seattle, WA  98124-5184

**Schedule F**
American Logistics Group
Attn:  President/Manager
PO Box 28685
New York, NY  10087

**Schedule F**
American Scale Co. Inc.
Attn:  President/Manager
PO Box 158
San Dimas, CA  91773

**Schedule F**
American Standard Adhesives
Attn:  President/Manager
5061 Brooks St Ste B
Monclair, CA  91763

**20 Largest Unsecured Creditor**
Ameristaff Inc
Attn:  Brandon
PO Box 742890
Atlanta, GA  30374-2890

**Schedule F**
AMZ Packaging Inc.
Attn:  President/Manager
PO Box 58172
Vernon, CA  90058

**20 Largest Unsecured Creditor**
Ardent Law Group
Attn:  President/Manager
4340 Von Karman Ave
Newport Beach, CA  92660

**Schedule F**
Associated Environmental Mgmt
Attn:  President/Manager
812 Fremont Ave Ste 100
South Pasadena, CA  91030

**20 Largest Unsecured Creditor**
Atkinson, Anderson, Loya, Ruud &
Romo
Attn:  President/Manager
12800 Center Court Dr Ste 300
Cerritos, CA  90703

**Additional notice for Torrington
Livestock**
Auction Insurance Agency
Attn:  Lance Derrick
2200 Woodcrest Pl Ste 200
Birmingham, AL  35209

**Interested Party**
Bank of America
Attn:
Bank of America Corporate Center
100 N Tyron St
Charlotte, NC  28255

**Interested Party**
Bank of America
c/o Registered Agent
Attn:  The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE  19801

**20 Largest Unsecured Creditor**
Beyer Livestock Auction
Attn:  Jeff Beyer
950 County Road G
Clovis, NM  88101

**20 Largest Unsecured Creditor**
Bradshaw Livestock
Attn:  Jeff Smith
HC 74 Box 5114
Adamsville, UT  84731

**Schedule F**
Bunzl Processor Division
Attn:  President/Manager
12240 Collections Center Drive
Chicago, IL  60693

**20 Largest Unsecured Creditor**
Butcher's Pride Meat Group
Attn:  President/Manager
8524 La Sierra Ave
Whittier, CA  90605

**Schedule F**
C & O Mfg. Co., Inc.
Attn:  President/Manager
9640 Beverly Rd
Pico Rivera, CA  90660

**Schedule F**
C.C.I. a Chemical Corporation
Attn:  President/Manager
3540 East 26th St
Vernon, CA  90058

**Schedule F**
California Beef Council
Attn:  President/Manager
PO Box 2278
Rocklin, CA  95677-2278

**Schedule F**
California Gate and Entry Systems
Attn:  President/Manager
1470 Hundley Street
Anaheim, CA  92806

**20 Largest Unsecured Creditor**
Caruso Trucking
Attn:  President/Manager
PO Box 671
Richfield, UT  84701

**20 Largest Unsecured Creditor**
Center Valley Logistics Inc.
Attn: President/Manager
PO Box 42106
Bakersfield, CA 93384

**Schedule F**
Certified Angus Beef LLC
Attn: President/Manager
206 Riffel Road
Wooster, OH 44691-8588

**Schedule F**
Charles Pedregon
Attn: c/o James J. Orland, Esq./Kelsey
L. Thwaits
2155 Campus Drive, Suite 140
El Segundo, CA 90245

**20 Largest Unsecured Creditor**
CJ Data Com Inc.
Attn: President/Manager
8504 Firestone Blvd #430
Downey, CA 90241

**Schedule F**
Compressor Parts & Repair
Attn: President/Manager
1501 North Peck Road
So. El Monte, CA 91733

**Schedule F**
Consolidated Design West
Attn: President/Manager
PO Box 25549
Anaheim, CA 92825

**20 Largest Unsecured Creditor**
Cowley Feedlot
Attn: Jeremy Cowley
546 North Venice Main Street
Venice, UT 84701

**Schedule F**
Crown Lift Trucks
Attn: President/Manager
PO Box 641173
Cincinatti, OH 45264-1173

**20 Largest Unsecured Creditor**
Cryovac, Inc.
Attn: President/Manager
26081 Network Place
Chicago, IL 60673-1260

**Schedule F**
DB Sales & Service
Attn: President/Manager
11582 Markon Drive
Garden Grove, CA 92841

**Schedule F**
DJ Hauling, Inc.
Attn: President/Manager
63 Valley Drive NE
Newark, OH 43055

**Schedule F**
England Logistics
Attn: President/Manager
1325 S 4700 W
Salt Lake City, UT 84104

**Schedule G**
Envision Capital Group LLC
Attn: Attn Managing Member
29982 Ivy Glenn Drive
Laguna Niguel, CA 92677

**20 Largest Unsecured Creditor**
Erath County Dairy Sales & Livestock
Comm
Attn: Jim Beyer
8892 South US Hwy. 377 Suite G
Dublin, TX 76446

**20 Largest Unsecured Creditor**
Erik Brown
Attn: Erick Brown
515 Drake Drive
Shafter, CA 93263

**20 Largest Unsecured Creditor**
Euclid Stockyards
Attn: Jeremy Gorham
14185 Euclid Avenue
Ontario, CA 91762

**Schedule F**
FedEx
Attn: President/Manager
PO Box 7221
Pasadena, CA 91109-7321

**Schedule F**
Fire Safety First
Attn: President/Manager
1170 E Fruit St
Santa Ana, CA 92701

**Schedule G**
First Insurance Funding
Attn: Attn President/Manager
450 Skokie Blvd Ste 1000
Northbrook, IL 60062

**Schedule F**
Flowtrace
Attn: President/Manager
5875 Rickenbacker Rd
Commerce, CA 90040

**20 Largest Unsecured Creditor**
Foster Feed Yard
Attn: Manuel Foster
3403 Casey Rd.
Brawley, CA 92227

**20 Largest Unsecured Creditor**
Freeman Mathis & Gary LLP
Attn: Accounts Receivable
550 S Hope St Ste 200
Los Angeles, CA 90071-2627

**Schedule F**
FSNS
Attn: President/Manager
PO Box 116438
Carrollton, TX 75011-6438

**Schedule F**
Fuel Me
Attn: President/Manager
150 Harvester Dr Ste 140
Burr Ridge, IL 60527

**Additional Notice for Protection America**
Gardener, Riechmann & Chow
Attn:  Attn Ron Chow, Esq.
438 E. Katella Avenue, Suite 202
Orange, CA  92867

**Schedule F**
H. J. B. Inc.
Attn:  President/Manager
4920 E Washington Blvd
City of Commerce, CA  90040

**Schedule F**
Home Depot Credit Services
Attn:  Dept 32-2535031995
PO Box 78047
Phoenix, AZ  85062-8047

**20 Largest Unsecured Creditor**
J2 Cattle Company
Attn:  Marvin Roberts
112 South Kyrene Road Suite 4
Chandler, AZ  85226

**Schedule F**
JDAWS Livestock, LLC
Attn:  c/o Golden Goodrich
Attn  David M. Goodrich, Esq.
3070 Bristol St Ste 640
Costa Mesa, CA  92626

**20 Largest Unsecured Creditor**
K & L Butcher Supply
Attn:  President/Manager
PO Box 67
Corona, CA  92878-0067

**Schedule F**
Liftech Elevator Services Inc.
Attn:  President/Manager
2897 Gardena Ave
Signal Hill, CA  90755

**20 Largest Unsecured Creditor**
Los Angeles County Tax Collector
Attn:  Accounts Receivable
PO Box 54027
Los Angeles, CA  90054-0027

**Schedule F**
Merieux Certification
Attn:  President/Manager
PO Box 7410296
Chicago, IL  60674

**20 Largest Unsecured Creditor**
Genske, Mulder & Company, LLP
Attn:  Manager
3187 Red Hill Ave #110
Costa Mesa, CA  92626

**Schedule F**
Hantover
Attn:  President/Manager
PO Box 776916
Chicago, IL  60677-6916

**Schedule F**
Industrial Formulators Inc.
Attn:  President/Manager
15631 Graham Street Unit E
Huntington Beach, CA  92649

**Schedule F**
Jack C Lund Trucking LLC
Attn:  President/Manager
231 N 300 E
Orem, UT  84057

**20 Largest Unsecured Creditor**
Jeff Smith
Attn:  Jeff Smith
421 N 3200 E
Lewisville,, ID  83431

**Schedule F**
Kimball Midwest
Attn:  President/Manager
Dept L-2780
Columbus, OH  43260-2780

**Schedule F**
Linde Gas & Equipment Inc.
Attn:  President
Dept LA 21511
Pasadena, CA  91185

**Schedule F**
Mechanic Refrigeration Co., Inc.
Attn:  President/Manager
5616 Corporate Ave
Cypress, CA  90630

**Schedule F**
Mettler-Toledo Safeline
Attn:  President/Manager
22677 Network Place
Chicago, IL  60673-1226

**Schedule F**
Global Equipment Company
Attn:  President/Manager
29833 Network Place
Chicago, IL  60673-1298

**20 Largest Unsecured Creditor**
HJ Stephens & Sons
Attn:  Matt Stephens
9544 S Road 90 W
Grinnell, KS  67738

**Schedule F**
Inner-Cool Refrigeration Inc.
Attn:  President/Manager
7901 Somerset Blvd
Paramount, CA  90723

**Schedule F**
Jarvis
Attn:  President/Manager
33 Anderson Rd
Middletown, CT  06457-4926

**Schedule F**
JTX Group, Inc.
Attn:  c/o FTW Law Group
Attn Felix T. Woo, Esq.
601 S Figueroa Street Ste 1950
Los Angeles, CA  90017

**Schedule F**
King Meat, Inc.
Attn:  President/Manager
4215 Exchange Ave
Los Angeles, CA  90058-2604

**20 Largest Unsecured Creditor**
Loren Groeneweg
Attn:  Loren Groeneweg
3325 Chestnut Ave
Hudson, SD  57034

**Schedule G**
Mercedes Benz Financial Services
Attn:  President/Manager
PO Box 5209
Carol Stream, IL  60197

**Schedule F**
Michelson Laboratories
Attn:  President/Manager
6280 Chalet Dr
Commerce, CA  90040-3704

**20 Largest Unsecured Creditor**
Moiola Feedyard LLC
Attn:  Tom Moiola
1594 Gonder Rd
Brawley, CA  92227

**Schedule F**
Pallet Alliance
Attn:  President/Manager
9413 Laurel St
Los Angeles, CA  90002

**20 Largest Unsecured Creditor**
Prime Foods
Attn:  President/Manager
80 Seaview Blvd
Port Washington, NY  11050

**20 Largest Unsecured Creditor/Claim Filed**
PSL Forever Co.
Attn:  President/Manager
213 W Ramona Blvd
San Gabriel, CA  91776

**20 Largest Unsecured Creditor**
RKR Distributors
Attn:  President/Manager
12450 Philadelphia St
Eastvale, CA  91752

**Equity Holder**
Salvatore Anthony DiMaria
Attn:
100 Cabot Rd
Massapequa, NY  11758

**Interested Party/Attorney for Bank of America**
Severson & Werson
Attn:  Lisamarie McDermott
19100 Von Karman Ave Ste 700
Irvine, CA  92612

**20 Largest Unsecured Creditor**
South Coast Container Corporation
Attn:  President/Manager
14715 Industry Circle
La Mirada, CA  90638-5818

**Schedule F**
Straight Forwarding, Inc.
Attn:  President/Manager
20275 Business Pkwy
City of Industry, CA  91789

**20 Largest Unsecured Creditor**
One Stop Employment Services Inc.
Attn:  Yesenia Navarro
PO Box 13188
Milwaukee, WI  53213-0188

**20 Largest Unsecured Creditor**
Personnel Resource Group Inc.
Attn:  President/Manager
PO Box 206773
Dallas, TX  75320-6773

**Schedule F**
Prime Pallet Solution
Attn:  President/Manager
10745 Grand Ave
Ontario, CA  91762

**Schedule F**
Reladyne
Attn:  President/Manager
PO Box 511578
Los Angeles, CA  90051-8133

**Schedule F**
Rose's Boiler Works, Inc.
Attn:  President/Manager
7439 La Palma Ave #128
Buena Park, CA  90620

**20 Largest Unsecured Creditor**
Sam Habib Cattle
Attn:  Sam Habib
P.O. Box 132
Kingsburg, CA  93631

**Schedule F**
Soft N Ro Inc.
Attn:  President/Manager
1164 Atlanta Way
Costa Mesa, CA  92626

**Schedule F**
Sprague Pest Solutions
Attn:  President/Manager
PO Box 35129
Seattle, WA  98124

**Schedule F**
Stump Power & Electric Corp.
Attn:  President/Manager
3432 E 15th St
Los Angeles, CA  90023

**Schedule F**
Pacific Coast Propane LLC
Attn:  President/Manager
PO Box 0427
Rialto, CA  92377-0427

**Schedule F**
Praesidio Consulting
Attn:  President/Manager
1201 N 3rd St
Johnstown, CO  80534

**20 Largest Unsecured Creditor**
Protection America Inc.
Attn:  President/Manager
PO Box 33073
Granada Hills, CA  91394

**Schedule F**
Reliant Dry Ice Pacific, LLC
Attn:  President/Manager
PO Box 670608
Dallas, TX  75267-0608

**Schedule F**
Royal Packaging
Attn:  President/Manager
16761 Burke Lane
Huntington Beach, CA  92647

**Schedule F**
Scottlynn USA Division Inc
Attn:  President/Manager
9597 Gulf Research Lane
Fort Myers, FL  33912

**20 Largest Unsecured Creditor**
Sonsray
Attn:  President/Manager
PO Box 51173
Los Angeles, CA  90051

**Schedule F**
Stiles Animal Removal, Inc.
Attn:  President/Manager
2107 S Milliken Ave
Ontario, CA  91761

**Schedule F**
Sunrise Packaging Material
Attn:  President/Manager
440 Quadrangle Dr Ste H
Bolingbrook, IL  60440

**20 Largest Unsecured Creditor**
TDI Refrigeration
Attn:  President/Manager
10241 Trademark Street
Rancho Cucamonga, CA  91730

**Schedule F**
Terminix Commercial
Attn:  President/Manager
PO Box 802155
Chicago, IL  60680-0

**Additional Notice for Charles
Pedregon**
Thomas F. Mortimer, Jr.
Attn:  Mortimer Law Firm
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA  90266

**Schedule F**
Thompson Industrial Supply
Attn:  President/Manager
PO Box 1029
Rancho Cucamonga, CA  91729-1299

**20 Largest Unsecured Creditor**
Torrington Livestock
Attn:  Lance Derrick
PO Box 1097
Torrington, WY  82240

**20 Largest Unsecured Creditor**
TQL
Attn:  President/Manager
PO Box 634558
Cincinnati, OH  45263

**Schedule F**
Tremco Corp.
Attn:  President/Manager
3735 Green Road
Beachwood, OH  44122-5730

**20 Largest Unsecured Creditor**
United Expert Holdings LLC
Attn:  Manager
23425 Slidell Road
Boyds, MD  20841

**Schedule F**
USDA FSIS
Attn:  President/Manager
PO Box 979001
St. Louis, MO  63197-9001

**Schedule F**
USDA, AMS, Livestock
Attn:  President/Manager
PO Box 790304
St. Louis, MO  63179

**20 Largest Unsecured Creditor**
Vestis
Attn:  President/Manager
PO Box 101179
Pasadena, CA  91189

**Schedule F**
Webtrans Logistics Inc.
Attn:  President/Manager
2760 East El Presidio St
Carson, CA  90810

**20 Largest Unsecured Creditor**
Williams Scotsman, Inc.
Attn:  President/Manager
PO Box 91975
Chicago, IL  60693-1975

Webtrans Logistics, Inc.
Attn:  President/Manager
2760 East El Presidio St
Carson, CA  90810

California Ice Company
Attn:  President/Manager
470 3rd Street
Lake Elsinore, CA  92530